CENTRAL VICTORIA, INC., demandante y apelante, *v.* WM. P.
KRAMER, Jefe del Servicio Forestal Insular, demandado
y apelado.

No. 3779.—*Visto:* Enero 22, 1926. *Resuelto:* Marzo 11, 1926.

TERRITORIOS — ACCIONES CONTRA EL PUEBLO DE PUERTO RICO — CONSENTIMIENTO
PARA SER DEMANDADO—ACCIONES CONTRA FUNCIONARIOS DEL PUEBLO.—Aún
cuando una acción se dirija nominalmente contra un funcionario público
en su capacidad representativa, si los actos que se alega que fueron come-
tidos son perjudiciales (*tortious*) por su naturaleza, El Pueblo de Puerto
Rico no es la parte indispensable; el mencionarse su capacidad represen-
tativa es entonces una mera *descriptio personae.*

SENTENCIA de *Charles E. Foote, J.* (Primer Distrito, San Juan), ordenando, a moción de parte, el sobreseimiento y archivo del caso por carecer de jurisdicción para conocer del mismo. *Revocada* y devuelto el caso.

*Cayetano Coll y Cuchí* y *G. Cruzado Silva,* abogados de la apelante, *Hon. George C. Butte, Attorney General* y *F. G. Pérez Almiroty,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En la Corte de Distrito de San Juan fué presentada una demanda en la que se describían ciertos terrenos como pertenecientes a, y en posesión de, la demandante, quien imputaba al demandado Wm. P. Kramer, sus agentes y empleados, el hecho de haber penetrado violentamente en la finca de la demandante, cortando montes y autorizando a otras personas a sacar leña de la misma. Imputaba también la demanda el hecho de que el demandado no sólo realizó los actos referidos sino que también trató de impedir que la demandante goce de la libre posesión de dichos terrenos. La demandante solicitó se librara un *injunction* para prohibir los actos referidos.

En la demanda, para dar color a los actos ejecutados por el demandado, se dice que él alegaba que dichos terrenos estaban bajo su custodia y administración como Jefe del Servicio Forestal de Puerto Rico.

En contestación a esta demanda el Fiscal General de Puerto Rico radicó un documento por escrito titulado "Comparecencia especial y moción de sobreseimiento." En ella se expresa que el demandado Wm. P. Kramer, por sus abogados, el Procurador General de Puerto Rico y delegados, comparece especialmente con el solo y único propósito de impugnar la jurisdicción de la corte sobre la persona del demandado y suplicar que se desestime la solicitud porque la demanda, que fué dirigida contra el Jefe del Servicio Forestal de Puerto Rico en su capacidad oficial, era en realidad una acción contra El Pueblo de Puerto Rico y que éste

no había prestado su consentimiento para ser demandado. Con la demanda y la moción ante sí la corte declaró o resolvió, como fuere el caso, que la única parte realmente interesada en la controversia era El Pueblo de Puerto Rico y que como su consentimiento no constaba, la corte carecía de jurisdicción.

Hay dos clases de decisiones. Una de ellas en su esencia sostiene que cuando un demandado está actuando realmente en su capacidad representativa como agente del Gobierno, sus actos han de ser considerados como los actos del Gobierno. *In re Ayers et at.,* 123 U. S. 443; *Minnesota* v. *Hitchcock,* 185 U. S. 373. La otra clase de decisión es que cuando un agente actúa torticeramente él no puede defenderse escudándose en su supuesta autoridad oficial. *Hopkins* v. *Clemson College,* 221 U. S. 636 (55 L. Ed. 890), y casos, *Louisville & Nashville R. R. Co.* v. *Burr,* 44 L.R.A. (N.S.) 189.

Si, por ejemplo, el Gobierno en este caso hubiera presentado la reclamación de que los terrenos descritos en realidad de verdad pertenecían a, y estaban en posesión de, El Pueblo de Puerto Rico, habría lugar para discutir si cuando una demanda que alega el dominio y la posesión imputa actos que son más o menos violentos por parte de otra persona que reclama ser agente del Gobierno, la acción sólo podía ser establecida con el consentimiento de este último. Habría todavía fundamento de discusión si la alegación de dominio y posesión por parte del Gobierno impidiera a un demandante poder sostener su dominio y posesión en una acción. *El Pueblo* v. *Rosaly,* 227 U.S. 270, fué una acción claramente contra El Pueblo de Puerto Rico y la sentencia era contra El Pueblo de Puerto Rico privándole de la propiedad y concediendo rentas y productos contra el referido cuerpo político. Queda abierta la cuestión de si ese pleito hubiera sido establecido únicamente contra las personas en posesión hubieran ellas podido ampararse ante el amplio manto de El Pueblo de Puerto Rico.

En el caso ante nos se admite necesariamente que la demandante es la dueña y poseedora de los terrenos descritos. Se alegan actos de usurpación por parte del demandado. También se admite que él reclama un derecho a los terrenos por virtud de su·capacidad oficial. La mera reclamación del demandado en nada aminora la posesión admitida de la demandante.

Ni tampoco la comparecencia del Procurador General así la aminora. Su comparecencia es especial y no alega ningún hecho en oposición a dicha posesión admitida. El mismo se llama abogado del demandado. Si los actos del segundo son realmente torticeros, él no puede derivar ningún beneficio del hecho de que su abogado es el Fiscal General. El Procurador General cuidadosamente eludió hacer ninguna alegación para El Pueblo de Puerto Rico excepto que éste no puede ser demandado a menos que preste su consentimiento. Al Fiscal General no puede suponérsele oficialmente que esté defendiendo actos dañosos. Si tal suposición pudiera hacerse, el Fiscal General todavía es solamente un agente del Gobierno y una defensa por su parte no podía variar el hecho. La alegación de posesión asimismo no privaría a la demandante de ser oída en corte.

Dejando a un lado todas las suposiciones, lo que la demanda imputa son hechos torticeros contra Wm. P. Kramer realizados en los terrenos de la demandante y el mencionarse su título oficial es únicamente una descripción de la persona (*descriptio personae*). Se alega la posesión por parte de la demandante y el caso según las alegaciones cae dentro de la serie de decisiones que no suministran ninguna protección a un agente por el hecho de que sea él un funcionario. El está protegido cuando consta debidamente que los actos eran consecuencia necesaria de sus deberes oficiales.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*